UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LIONEL GIBSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:20-cv-01324-TWP-MPB ) |
| MARK SEVIER, | ) ) |
| Respondent. | ) ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Lionel Gibson's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case MCF 19-05-0490. Mr. Gibson's petition is **denied**.

### I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

Mr. Gibson was convicted of violating the Disciplinary Code by battering Correctional Officer K. Coffin. Officer Coffin reported that he and Caseworker B. Rogers entered Mr. Gibson's cell after smelling smoke and saw him hiding items in his pants pocket and attempting to flush them down the toilet. Dkt. 7-1. Officer Coffin's conduct report continues:

> I told him to turn around and cuff up. Offender Gibson pinned me against the wall using his back side. Offender Gibson used force against my person in attempt to get rid of his items.

Dkt. 7-1. Caseworker Rogers wrote a report saying that she also saw Mr. Gibson attempt to get rid of items and "push[] Officer Coffin against the wall using his back side." Dkt. 7-2.

The Disciplinary Code contains two "battery" provisions. Code 102 punishes "[k]nowingly or intentionally touching another person in a rude, insolent, or angry manner." Dkt. 7-7 at § 102. Meanwhile, Code 212 punishes "[c]omitting battery upon another person." *Id.* at § 212. The two provisions can carry different consequences. If an inmate convicted of violating Code 102 causes "bodily injury or serious bodily injury to staff, volunteers, or visitors," an Indiana Department of Correction (IDOC) Executive Directive states that the prison staff may deprive "the entire balance of the offender's accumulated earned credit time" in addition to any other sanctions. Dkt. 7-10 at 1.

About a week after the incident Officer Angel Goodridge presented Mr. Gibson with a screening report, notifying him that he was charged with violating Code 102. Dkt. 7-3. Mr. Gibson checked boxes indicating he wished to plead guilty and waive his right to 24 hours' notice before his hearing, and he signed the report. Dkt. 7-3. Officer Goodridge held a hearing that day, accepted Mr. Gibson's guilty plea, and assessed sanctions, including the loss of 90 days' earned credit time and a demotion in credit-earning class. Dkt. 7-4.

The hearing report shows that Mr. Gibson was convicted of battery under Code 212—not Code 102 as indicated in the screening report. Dkt. 7-4. In his habeas materials, Mr. Gibson states that Officer Goodridge coerced him to plead guilty to violating Code 212 by threatening to deprive him of all his earned credit time under the Executive Directive. Officer Goodridge denies this. Dkt. 7-9 at ¶ 6.

Mr. Gibson's administrative appeals were denied. Dkts. 7-5, 7-6.

### III. Analysis

Mr. Gibson argues that Officer Goodridge coerced his guilty plea, that no evidence supports the charge, and that he was denied his right an impartial hearing officer.[1] He has not demonstrated, however, that he was convicted and punished without due process.

---

[1] The Court quickly disposes of three arguments that have no place in this habeas action.

Mr. Gibson argues that the prison staff changed his housing assignment changed and violated his Eighth Amendment rights *after* his disciplinary conviction. With this argument, Mr. Gibson "is attacking something other than the fact or length of his confinement," and "habeas corpus is not an appropriate or available federal remedy" for it. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973).

Mr. Gibson also argues that the prison staff failed to adhere to IDOC policies in the disciplinary proceeding. But prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

Finally, Mr. Gibson suggests in his reply that Officer Goodridge reneged on her agreement to sanction him only with a loss of earned credit time if he pled guilty to violating Code 212 and argues that he "has a right to an administrative appeal." Dkt. 14 at 11, 19. These arguments simply do not invoke any of the due process rights afforded to inmates in disciplinary proceedings. *See Hill*, 472 U.S. at 454; *Wolff,* 418 U.S. at 563-67.

3

### A. Coercion of Guilty Plea

Mr. Gibson asserts that he had no choice but to plead guilty to violating Code 212 even though he was not guilty. Otherwise, he would risk being convicted under Code 102 and losing all his accumulated earned credit time—6,000 days according to his estimate. Mr. Gibson states that Officer Goodridge "threatened" that outcome at screening and used the "unfair leverage" of the Executive Directive to force his plea. Dkt. 1 at 3.

If Mr. Gibson's plea was coerced, it still does not implicate any of the limited due-process rights that apply to disciplinary proceedings. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff,* 418 U.S. at 556. Due process only obligated the prison staff to provide Mr. Gibson advanced, written notice of his charge, allow him to present evidence to an impartial decision-maker, base its decision on "some evidence" in the record, and furnish a written statement of its decision. *Hill*, 472 U.S. at 454. If Officer Goodridge used the specter of thousands of days of lost credit time to pressure Mr. Gibson into accepting a lesser charge and punishment, she would not necessarily have denied him of one of those due-process rights.

### B. Sufficiency of Evidence

Mr. Gibson next attacks the evidentiary support for his disciplinary conviction:

> The conduct report does not allege any actions of assault or battery, causing any injury to the officer. His account of the incident, at best, alleges that I used my backside to shield him as I flushed something down the toilet. Never once does he allege that I touched him with the intent of causing him any harm.

Dkt. 1 at 3. Mr. Gibson notes that, in a related disciplinary case, Officer Goodridge described security video of this incident as showing that he "places his butt against the officer and rotates away from him." Dkt. 14-1 at 101.

4

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

The "'some evidence' standard" is "a 'meager threshold.'" *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 939). Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Id.* This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

Officer Coffin's conduct report begins and ends this inquiry. According to the report, Mr. Gibson "pinned" Officer Coffin against the wall. Dkt. 7-1. That statement is evidence from which Officer Goodridge could conclude that Mr. Gibson battered Officer Coffin. Mr. Gibson asks the Court to accept his account of the incident over Officer Coffin's version, but the Court cannot do so without reweighing the evidence.

Mr. Gibson notes—correctly—that no evidence indicates that he injured Officer Coffin. But Code 212 does not require an injury. *See* dkt. 7-7 at § 212; dkt. 14-1 at 26. Mr. Gibson's argument that Code 212 punishes only batteries causing injury cites a summary of the Disciplinary Code, not the Code itself, and is incorrect. *See* dkt. 14-1 at 93–94.

## C. Impartiality of Decision-Maker

Finally, Mr. Gibson argues that Officer Goodridge could not serve as the impartial decision-maker that due process guaranteed him because she also served as his screening officer.

A prisoner in a disciplinary action has the right to be heard by an impartial decision-maker. *Hill*, 472 U.S. at 454. Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). "[T]he constitutional standard for impermissible bias is high." *Piggie*, 342 F.3d at 666. The presumption is overcome—and an inmate's right to an impartial decision-maker is breached—in rare cases, such as when the hearing officer has been "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Mr. Gibson does not allege—and nothing in the record suggests—that Officer Goodridge was involved in the underlying events or in investigating them. The law presumes that she discharged her duties impartially, and Mr. Gibson has not met his burden of overcoming that presumption with clear evidence of bias.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Mr. Gibson's petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, Mr. Gibson's petition for a writ of habeas corpus is **denied** and the action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 6/25/2021

*[signature: Tanya Walton Pratt]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

LIONEL GIBSON
104608
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov